## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DIOGENES LIMITED, COLOSSUS (IOM) LIMITED, <br><br> Plaintiffs, <br> v. <br><br> DRAFTKINGS, INC., a Delaware corporation, <br><br> Defendant. | C.A. No. 21-1695-MN-CJB <br><br> JURY TRIAL DEMANDED |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Diogenes Limited and Colossus (IOM) Limited ("Plaintiffs" or "Colossus") and Defendant DraftKings Inc., a Delaware corporation ("DraftKings" or "Defendant"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Designation procedure.  Each Party may designate for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party (*see* Paragraph 24) to whom the Party reasonably believes it owes an obligation of confidentiality

with respect to such document, information or material (collectively "Protected Material"). Protected Material shall be designated by the Party producing or disclosing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL").[1]  The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  The procedure for designating transcripts is provided in Paragraph 17, below.

2.      <u>Production of Documents Before the Entry of a Protective Order</u>.  Any document, information, or material produced or disclosed before issuance of this Order may be designated as set forth in Paragraph 1 as "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE."  Those designations shall receive the same treatment by the parties as if the Order has been entered, unless those designations need to be modified following an Order.  Any document, information, or material produced or disclosed before issuance of this Order designated "CONFIDENTIAL" will be treated as attorneys' eyes only pursuant to Local Rule 26.2, and after entry of this Order, will be treated in accordance with Paragraph 6.

3.      <u>Scope</u>.  With respect to documents, information, or material designated "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY,"

---

[1] The term DESIGNATED MATERIAL is used throughout this Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

"RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" subject to the provisions herein and unless

otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored

information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all deposition

testimony, or documents marked as exhibits or for identification in such depositions; (c) pretrial

pleadings, exhibits to pleadings, and other court filings; (d) affidavits; (e) stipulations. Those

portions of all copies, reproductions, extracts, digests, and complete or partial summaries

prepared from any DESIGNATED MATERIALS that refer to information obtained from any

DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated

as such under this Order.

      4.    <u>Inadvertent Designation</u>.  A designation of Protected Material (i.e.,

"CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY,"

"RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or

"RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or

unintentional production or disclosure of documents, information or material that has not been

designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a

claim for confidential treatment under this Order nor a waiver of a claim that such document,

information or material be considered confidential, proprietary information and/or trade secrets.

Any Party that inadvertently or unintentionally produces or discloses Protected Material without

designating it as DESIGNATED MATERIAL may request destruction of that Protected Material

by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes

aware of the inadvertent or unintentional disclosure and providing replacement Protected

Material that is properly designated. Upon receiving such notice and such replacement copies of

the properly designated Protected Material, the recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.  Any disputes regarding designation or re-designation of Protected Materials are governed by Paragraph 20.

5. <u>CONFIDENTIAL designation.</u>  A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the document, information, or material is not publicly available and contains confidential or proprietary information of the Party, or of a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6. <u>Access to and use of "CONFIDENTIAL" material.</u>  "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party[2] or upon order of the Court:

(a) outside counsel of record in this Action for the receiving Party;

(b) employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) not more than three (3) representatives[3] of the receiving Party who are officers or employees of the receiving Party, who may be, but need not be, in-house counsel for the receiving Party, as well as their immediate paralegals, to whom disclosure is reasonably necessary for this case, provided that before access is given, the representative has executed the Undertaking (attached as Appendix A hereto);

---

[2] For the avoidance of doubt, the parties agree that "receiving Party," "producing Party," and "designating Party" are to be determined on a production-by-production basis such that the receiving Party for one production may differ from the receiving Party for another production by the same producing Party.

[3] This number may be increased by agreement of the parties or further order of the Court.

(d)      subject to Paragraph 23, outside consultants or experts (i.e., not existing employees, affiliates, or agents of a Party or of a Party's affiliate)[4] retained by a receiving Party for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; and before access is given: (2) the expert or consultant has completed the Undertaking attached as Appendix A hereto;

(e)      independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and other professional vendors retained by counsel and reasonably necessary to assist counsel with the litigation of this Action (collectively, "Independent Contractors"), provided that before access is given, the Independent Contractors providing such services have completed the Undertaking attached as Appendix A hereto;

(f)      the Court and its personnel;

(g)      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties;

(h)      The author or recipient of a document containing the information or a custodian or other person who is reasonably believed to have possessed the information.

7.      "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" designation.  To the extent that the producing Party has a good faith belief that certain (non-technical) Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination to those individuals identified above in Paragraph 6 could cause significant harm to an individual or to the business or competitive position of the producing Party, the producing Party may

---

[4] This definition shall apply to the scope of the term "outside consultants or experts" throughout this order.

designate such Protected Material "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY." This Protected Material may include, but is not limited to, competitive business and financial information and licensing.

8.     <u>Access to and use of "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY"</u> <u>material</u>.  Access to and disclosure of Protected Material designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" shall be limited to individuals listed in Paragraph 6(a-b) and (d-h) above.

9.     <u>"RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY– PROSECUTION</u> <u>BAR" designation</u>.  To the extent that certain Protected Material qualifying to be designated CONFIDENTIAL contains the producing Party's proprietary technical information, research and development records, proprietary forward-looking business plans, trade secrets, or any other proprietary technical information that the producing Party believes in good faith could cause competitive harm were it to be disclosed without restriction to an individual involved in the drafting of patent claims in ongoing patent prosecution activities, the producing Party may designate such Protected Material "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR."

10.     <u>Access to and use of "RESTRICTED – OUTSIDE ATTORNEYS' EYES</u> <u>ONLY– PROSECUTION BAR" material.</u>  Protected Material designated RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR may be disclosed only to individuals listed in paragraphs 6(a-b) and (d-h), subject to the further requirements of Paragraph 13 below.

11.     <u>"RESTRICTED CONFIDENTIAL SOURCE CODE" designation.</u>  To the extent such Protected Material RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY includes

computer source code ("Source Code"), the producing Party may designate such Protected

Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

     12.    <u>Access to and use of "RESTRICTED CONFIDENTIAL SOURCE CODE"</u>

<u>material.</u>  Access to and disclosure of material designated "RESTRICTED CONFIDENTIAL

SOURCE CODE" (in either electronic or paper form) shall be limited to outside counsel of

record for a receiving Party and up to four (4) outside consultants or experts for a receiving Party

(which number may be increased by agreement of the parties or further order of the Court).  The

outside consultants or experts for purposes of this paragraph must be retained for the purpose of

this litigation, approved to access such Protected Materials pursuant to Paragraph 23, and

identified to the producing Party as individuals that will review Source Code.

     For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE

(hereinafter "Source Code Material"), the following additional parameters apply:

    (a)    A single electronic copy of a Party's Source Code Material shall be provided for

        inspection on a single non-networked computer (that is, the computer may not be

        linked to any network, including a local area network ("LAN"), an intranet or the

        Internet) equipped with a monitor of a reasonable size, a keyboard and mouse (the

        "Source Code Computer").  The stand-alone computer shall be password

        protected and supplied by the producing Party.

    (b)    The receiving Party shall request installation on the Source Code Computer of

        commercially-available software utilities to assist the receiving Party's review of

        the Source Code Material.  The receiving Party shall be responsible for providing

        the utilities and any license(s) to such requested utilities by CD, DVD or links at

        which the producing Party may access them, and such utilities and license(s) must

be provided to the producing Party no later than seven (7) business days in
advance of access to the Source Code Computer, and installed in advance of the
source code review.

If the Parties are unable to agree on the requested software utilities, they may seek
an Order from the Court after making a good faith effort to resolve their dispute.

(c)     The parties will meet and confer with respect to whether a manifest of the
contents on the Source Code Computer shall be provided by each producing
Party, and its contents.  If the Parties are unable to agree, or otherwise have other
disputes concerning the integrity or completeness of the Source Code, they will
meet and confer in good faith, and may seek an Order from the Court after
making a good faith effort to resolve their disputes.

(d)     The Source Code Computer shall be located at the offices of the producing
Party's outside counsel or its vendors.  A signed log of the name(s) of the
individual(s) and time(s) of access to the Source Code Computer shall be
maintained by the producing Party.  Should the need arise due to a public health
emergency, state, local, or national social distancing restrictions or travel
restrictions, which hinder the source code review, the Parties shall meet and
confer in good faith to discuss the feasibility of making the source code machines
available in a location that would allow source code review to occur.

(e)     The receiving Party shall make reasonable efforts to restrict its requests for such
access to the Source Code Computer to normal business hours, which for
purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time where
the Source Code Computer is located.  However, upon reasonable notice from the

8

receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the Source Code Computer outside of normal business hours. Requests for access shall be made in writing at least three (3) business-days in advance of the requested inspection. Any single inspection may span multiple days based on the same notice. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(f)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer.

(g)     The producing Party will produce Source Code Material in computer searchable format on the Source Code Computer.

(h)     No recordable media or recording devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the Source Code Material review room. The producing Party or its outside counsel may visually monitor the activities of the receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(i)     Outside counsel and the four (4) outside consultants or experts may take hand-written notes relating to the Source Code Material but may not copy Source Code

Material into their notes and may not take such notes electronically on any other computer or electronic device.

(j)   The Parties agree that following a source code review, each party may be allowed in good faith to print portions of the source code that it, in good faith, considers necessary to the preparation of this case.  The receiving Party shall not utilize printing as an alternative to reviewing Source Code Material electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere.

The Parties acknowledge that the quantity of printing requested will be dictated by experts and a reasonable quantity is difficult to estimate with specificity at the time of this Order.  The Parties agree at this time that the printing of more than thirty (30) consecutive pages (in no less than 12 point font) or 500 total pages is prohibited.  The receiving Party may request additional pages beyond these limits, and such a request shall not be unreasonably denied.  If the Parties cannot agree after meeting and conferring in good faith, the receiving Party may invoke the Court's discovery dispute procedures to request additional production under a showing of good cause.  Any contested portion of any printed Source Code Material need not be produced to the receiving Party until the dispute is resolved by the Court.

Printed pages shall constitute part of the Source Code Material produced by the Producing Party.  The process for requesting prints is as follows:

i.     Using the software available on the Source Code Computer, the receiving Party shall create PDFs of the printed copies the receiving Party is requesting and save them in a folder on the desktop of the Source Code Computer named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information regarding the Source Code Material including the full file path and file name, page number, line numbers, and date of printing.

ii.    At the end of each review day, or promptly thereafter, outside counsel for the receiving Party shall serve its request for the printed copy by sending an email to the producing Party identifying the file names and line numbers or by identifying the subfolders of the "Print Requests" folder that are being requested.  Within five (5) business days of the print request, the producing Party shall either (i) provide one copy set of such pages to the Receiving Party (Bates numbered and labeled "RESTRICTED CONFIDENTIAL SOURCE CODE") or (ii) inform the requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If the producing Party objects, the Parties shall meet and confer in good faith.  If the Parties cannot reach agreement, the producing Party must initiate the Court's discovery dispute procedure within five (5) business days of the completion of the meet and confer or otherwise as agreed by the parties, otherwise, produce the printed pages to which there was an objection.

(k)     The receiving Party shall be permitted to request up to two (2) additional copies of the printed Source Code Material obtained in accordance with Paragraph 12(j) above.  Such copies will be provided within five (5) business days of the copy request.

(l)     The receiving Party's outside counsel shall maintain a log of the custodian and location of each of the copies, and shall make the log available to the producing Party upon request.

(m)     Any person receiving a copy of any Source Code Material shall maintain and store any paper copies of the Source Code Material at their offices in a manner that prevents duplication of, or unauthorized access to, the Source Code Materials including, without limitation, storing the Source Code Materials in a locked room or locked cabinet at all times when not in use.  So long as such Source Code Material is kept secured, the receiving Party may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding or deposition).

(n)     Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its BATES production numbers. Any paper copies used during a deposition shall be retrieved by the producing

Party at the end of each day for secured storage in accordance with the provisions of this Order and must not be given to or left with a court reporter or any other unauthorized individual.  The parties will maintain Source Code Material marked as a deposition exhibit in the manner proscribed by this Paragraph.  The parties are not precluded from utilizing Source Code Material that is marked as deposition exhibits at trial, so long as such use is made in compliance with this Order.

(o)     Source Code Material shall not be included in correspondence between the Parties (references to BATES production numbers shall be used instead) and shall be omitted from pleadings and other papers except as proscribed by this Paragraph. A receiving Party may include excerpts of printed Source Code Material in an exhibit to an expert report, provided that the Source Code Material and any report passages quoting from such Source Code Exhibits are appropriately marked under this Order, and restricted to those who are entitled to have access to them as specified herein.  Exhibits containing Source Code Material will appropriately marked as RESTRICTED CONFIDENTIAL SOURCE CODE, and shall not be filed with the Court.

(p)     Except as set forth in Paragraph 12(o) above, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party.

(q)     Except as set forth in Paragraph 12(o) above, a producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized to have access to the Source Code Material to another person authorized to have access to the Source Code Material (e.g., outside counsel of

13

record for the receiving Party and up to four (4) outside consultants or experts for the receiving Party), on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet without prior written permission of the producing Party.

13. <u>Prosecution bar.</u> Any person, including outside counsel and consulting and testifying experts, who accesses an opposing Party's Protected Material that has been designated as "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" in this action shall not consult or otherwise provide any input into the procurement of patents on behalf of any entity (whether a party to this Action or not) in the subject areas of wager or entry fee based gaming through and including two (2) years following the termination of the Action, including any appeals thereof, counted from the time such person (acting on behalf of a party) accesses such "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" material of another Party. For avoidance of doubt, the foregoing does not prevent involvement in *inter partes* proceedings, post-grant review, or *ex parte* reexamination, to the extent the activities do not include the drafting or amending of patent claims, or advising others regarding the drafting or amendment of patent claims. The bar shall only apply to individuals who access the designated information set forth above and shall not be imputed to that individual's firm. Further for the avoidance of doubt, no outside counsel that is involved in patent prosecution or the above-described activities on behalf of the receiving Party may have access to any portion of the producing Party's "RESTRICTED - OUTSIDE

14

ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "RESTRICTED CONFIDENTIAL SOURCE CODE" material.

14.     <u>No unauthorized disclosure.</u>  There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access pursuant to this Order to any person who is not authorized for such access under this Order.  The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

15.     <u>No other purpose.</u>  Documents, information, or material produced or disclosed pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order. Nothing in this Order, however, shall prevent a designating Party from disclosing any of its own Protected Material as it sees fit.

16.     <u>Privilege and inadvertent production.</u>  Nothing in this Order shall require production of documents, information, or material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  In addition, no Party is required to log privileged materials generated after the filing of the complaint in this Action.

If documents, information or material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced or disclosed, pursuant to Federal Rule of Civil Procedure 502, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Any Party that inadvertently or unintentionally produces or discloses documents, information, or material that it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity, must (a) promptly notify the recipient(s); and (b) provide a privilege log for the inadvertently or unintentionally produced documents, information, or material (except for privileged materials generated after the filing of the complaint in this Action).  The receiving Party shall gather and return and/or destroy all copies of such documents, information, or material to the producing Party (with a confirmation that all such documents, information, or material were returned and/or destroyed), except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

17.    Depositions.  Nothing contained herein shall be construed to restrict any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is eligible to have access to the DESIGNATED MATERIAL pursuant to Paragraphs 5-12 above.  The Parties may, on the record at the deposition, designate the deposition transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or

"RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  If no such designation is made at the time of the deposition, any Party will have thirty (30) days after the date of the deposition to designate, and writing to the other Party and the court reporter, whether the transcript is to be designated as "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition transcript shall be treated as "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY."

18.     <u>Pre-trial submissions.</u>  Nothing contained herein shall be construed to restrict any Party's right to use any DESIGNATED MATERIAL at any proceeding before the Court. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.  Prior to filing a public version of a sealed filing with the Court, the filing Party shall confer with the producing Party and obtain the producing Party's approval on the scope of redactions.

19.     <u>Hearings and trial.</u>  Any party planning to disclose and/or rely upon DESIGNATED MATERIAL in any Court proceeding must provide notice to the producing Party and/or the Court prior to projecting or using such materials, to allow the producing Party an opportunity to request that the Court seal the courtroom and/or to seek other appropriate relief from the Court to prevent the public disclosure of DESIGNATED MATERIAL.  Nothing herein shall be interpreted as restricting a Party's ability to file a motion to redact a Court transcript on the schedule provided by the Court.  For avoidance of doubt, disclosure of trial exhibits that

contain or constitute DESIGNATED MATERIAL on the schedule agreed upon in the Pretrial

Order constitutes adequate notice under this Paragraph.  The use of DESIGNATED MATERIAL

at trial may be further governed by additional terms as provided in the final Pretrial Order.

20.    Disputes as to designations.  A Party may request in writing to the other Party that

the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  The

Parties shall promptly meet and confer on the request in good faith.  If the designating Party does

not agree to re-designation, the requesting Party may invoke the Court's discovery dispute

procedures (see D.I. 25, ¶ 8(h) (Discovery Matters and Disputes Relating to Protective Orders)).

Upon any such application to the Court, the burden shall be on the designating Party to show

why its classification is proper, and the designating Party will file the opening submission.

Pending the Court's resolution of the dispute, including any objections to a Report and

Recommendation, the designation of the designating Party shall be maintained.

21.    Disputes as to privilege.  The receiving Party may challenge the producing Party's

clawback of material based upon a claim of inadvertent production of privileged material as

provided in Paragraph 16 above.  The Parties shall promptly meet and confer on the privilege

challenge in good faith.  If the Parties do not reach agreement, the requesting Party may invoke

the Court's discovery dispute procedures (see D.I. 25, ¶ 8(h) (Discovery Matters and Disputes

Relating to Protective Orders)).  Upon any such application to the Court, the burden shall be on

the designating Party to show why its claim of privilege is proper, and the receiving Party will

file the opening submission.

22.    Violation.  In the event that a receiving Party believes that a violation of this

Order has occurred, the receiving Party must within seven (7) days of forming such belief notify

the producing Party, in writing, that it has or may have caused the disclosure of DESIGNATED

MATERIAL and the relevant circumstances, and the receiving Party shall provide a written certification that it will cease further review, dissemination, and use of the DESIGNATED MATERIAL.  Any Party knowing or believing that any other Party is in violation of or intends to violate this Order must immediately raise the question of violation or potential violation with the producing Party, and the Parties will promptly meet and confer in good faith.  If the Parties are unable to resolve the matter, a timely motion may be made to the Court for such relief as may be appropriate in the circumstances.  Nothing in this Order shall prevent a disclosing Party from exercising any legal rights to protect or prevent the disclosure or potential disclosure of any Protected Material.

23.     <u>Experts and consultants.</u>  Each outside consultant or expert to whom a producing Party's or Third Party's DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to its terms and conditions, and shall sign the acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order, attached as Appendix A.

Before access to a producing Party's or Third Party's DESIGNATED MATERIAL is given, an executed copy of Appendix A will be served (email service on counsel of record will suffice) upon the producing Party with a current curriculum vitae, including a list of case testimony, consulting activities, and employment for the past 4 years, and a disclosure of any current or prior relationship with the receiving Party of the consultant or expert.  The producing Party shall have seven (7) days from service of the required information to object to and notify the receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the producing Party may invoke the

Court's discovery dispute procedures (*see* D.I. 25, ¶ 8(h) (Discovery Matters and Disputes Relating to Protective Orders)).  Upon any such application to the Court, the burden shall be on the producing Party to show why disclosure to the expert or consultant is improper, and the producing Party will file the opening submission.  No disclosure shall occur until all such objections are resolved by agreement or Court order, including any objections to a Report and Recommendation.

Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.  No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.  No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, or trial or deposition testimony in this case.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 26.24.

24.    Third parties.  To the extent any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.  A party seeking discovery from Third Parties is obligated to provide a copy of this Order to the Third Party along with service of discovery.

To the extent discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or material, in whole or in part, produced or disclosed by such Third Parties.  Nothing in these provisions prohibits a Third Party from seeking additional protections beyond this Order.

25.    <u>Electronic Discovery:</u>

a)    The Parties agree that absent a showing of good cause by the requesting Party, the categories of ESI identified in Schedule A of the U.S. District Court for the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") need not be preserved.

b)    The Parties agree that no voicemail, instant messages, text messages, or materials that may be archived and/or retained in tape, floppy disc, optical disc or similar media for backup or disaster recovery shall be searched for or produced unless good cause for the production can be shown, and further subject to the Producing Party's claim of undue burden or cost. The Parties shall meet and confer as to good cause on this issue.

c)    Materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible.

26.    <u>All rights reserved.</u>  The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude a later application to the Court seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof,

all such objections being hereby preserved.  The designation of a document, information, or

material in accordance with this Order is for discovery purposes only and shall not impact the

actual level of confidentiality or protectability of the DESIGNATED MATERIAL under trade

secret or other applicable laws.  Nothing in this Order shall be construed to effect an abrogation,

waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable

discovery or trial privilege.  The designation of materials is inadmissible as evidence of the

actual confidentiality or protectability of the DESIGNATED MATERIAL.  Further, production

of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the

documents, information, and material (or the contents thereof) produced so as to void or make

voidable whatever claim the Parties may have as to the proprietary and confidential nature of the

documents, information, or material or its contents.  Each of the Parties shall also retain their

rights to seek relief from the Court (a) to modify this Order to allow disclosure of

DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare

and present this Action and (b) to apply for additional protection of DESIGNATED

MATERIAL, should the Parties not be able to agree on such requests after meeting and

conferring in good faith.

   27. <u>Subpoenas in other proceedings.</u>  By entering this Order and limiting the

disclosure of information in this case, the Court does not intend to preclude another Court from

finding that information may be relevant and subject to disclosure in another case.  If any person

subpoenas or orders production of any DESIGNATED MATERIAL in another action that a

Party has obtained under the terms of this Order, such Party shall promptly notify the producing

Party of the pendency of the subpoena or Order and shall not produce the information until the

producing Party has had reasonable time, and in no event less than ten (10) business days, to

object or take other appropriate steps to protect the information, or the date of compliance, whichever is later.

Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY," "RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

Nothing in this paragraph precludes the receiving Party from complying with any Court Order (including complying with its obligations under a subpoena).

28. <u>Final disposition.</u> Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the receiving Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by written confirmation furnished to the producing Party. Notwithstanding the foregoing, counsel of record for the Parties may retain one copy of all pleadings, discovery requests and responses, transcripts, client communications, abstracts, indexes, summaries, descriptions, and work product which shall be maintained in accordance with the terms of this Order, except that outside counsel will destroy any printouts of Source Code Material.

29. <u>Enforcement.</u> The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. After termination of this

litigation, the provisions of this Order shall continue to be binding until a producing Party agrees otherwise in writing or a court order otherwise directs, except with respect to those documents, information, or materials that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the DESIGNATED MATERIAL for enforcement of the provision of this Order following termination of this litigation.

This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.


Dated: May 6, 2022

**DLA PIPER LLP (US)**

**MORRIS, NICHOLS, ARSHT & TUNNELL LP**

*/s/ Stephanie E. O'Byrne*
Brian A. Biggs (DE Bar No. 5591)
Stephanie E. O'Byrne (DE Bar No. 4446)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
brian.biggs@us.dlapiper.com
stephanie.obyrne@us.dlapiper.com

*/s/ Rodger Dallery Smith, II*
Rodger Dallery Smith, II (DE Bar No. 3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
Telephone: (302) 351-9205
rsmith@morrisnichols.com

*Attorney for Defendant DraftKings, Inc.*

*Attorneys for Plaintiff Diogenes Limited and Colossus (IOM) Limited*


SO ORDERED this _____ day of May, 2022.


_____
United States District Court Judge

**IN THE UNITED STATES DISTRICT COURT**
**OF THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DIOGENES LIMITED,<br>COLOSSUS (IOM) LIMITED,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>DRAFTKINGS, INC.,<br>a Delaware corporation<br><br>   *Defendant*. | C.A. No. 21-1695-MN-CJB |

**APPENDIX A**

**UNDERTAKING**
**REGARDING PROTECTIVE ORDER**

1. I, _____ [print or type full name], have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware in the case of *Diogenes Limited, et al. v. DraftKings, Inc.*, Civil Action No. 21-1695-MN-CJB.

2. I agree to comply with and to be bound by all the terms of the Protective Order, including that I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY - PROSECUTION BAR," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me, and that I will promptly return or destroy all such information upon termination of this action consistent with the obligations provided in Paragraph 28 of the Protective Order.

3.      I hereby submit to the jurisdiction of the United States District Court for the District of

Delaware for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____ _____

Name of company or firm:_____

Current title/position:  ___ _____

Address: _____ _____

Date: _____ _____