IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIOGENES LIMITED and<br>COLOSSUS (IOM) LIMITED,<br><br>      Plaintiffs,<br><br>  v.<br><br>DRAFTKINGS, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 21-1695-MN-CJB<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
DEFENDANT'S COUNTERCLAIM AND TO STRIKE RELATED
<u>AFFIRMATIVE DEFENSE</u>**

**OF COUNSEL:**

Michael L. Burns (*Pro Hac Vice*)
Steven M. Kellner (*Pro Hac Vice*)
Gregory Ferroni (*Pro Hac Vice*)
**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street,
Philadelphia, PA 19103
Telephone: (215) 656-3385
Facsimile: (215) 606-3385
michael.burns@us.dlapiper.com
steven.kellner@us.dlapiper.com
gregory.ferroni@us.dlapiper.com

Joel Lin (*Pro Hac Vice*)
**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 884-8557
joel.lin@us.dlapiper.com

**DLA PIPER LLP (US)**

/s/ *Stephanie E. O'Byrne*
Brian A. Biggs (DE Bar No. 5591)
Stephanie E. O'Byrne (DE Bar No. 4446)
1201 North Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
brian.biggs@us.dlapiper.com
stephanie.obyrne@us.dlapiper.com

*Attorneys for Plaintiff Diogenes Limited and
Colossus (IOM) Limited*

**TABLE OF CONTENTS**

Page

I. ARGUMENT ...................................................................................................................1

    A. Any Alleged Inequitable Conduct Does Not Affect the Asserted Patents ...............1

        1. DK Admits That Betfair Is Cumulative of the Acres Reference and Therefore Not Material ...............................................................................1

        2. Purported Claim Broadening is Not Relevant to Alleged Inequitable Conduct for Continuing Applications .........................................................2

        3. The Inventor Cured Any Alleged Inequitable Conduct by Disclosing the Betfair Reference .......................................................................................3

    B. DK's Materiality Argument Lacks Requisite Particularity .....................................5

    C. DK Does Not Plead Knowledge or Specific Intent for Inequitable Conduct ..........6

        1. DK Fails to Plead Facts that Plausibly Support Pre-Filing Knowledge ......6

        2. DK Fails to Plead Facts Supporting a Specific Intent to Withhold .............8

II. CONCLUSION ..............................................................................................................10

EAST\202512389.2

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction and Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ........................................................................................2

*Amer Sports Winter & Outdoor Co. v. Nordica U.S.A. Corp.*,
C.A. No. 10-1534, 2010 WL 2635785 (N.D. Ill. June 28, 2010) ..........................................10

*Antares Pharma, Inc. v. Medac Pharma Inc.*,
771 F.3d 1254 (Fed. Cir. 2014) ..............................................................................................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................................9

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
25 F.4th 976 (Fed. Cir. 2022) .................................................................................................2

*Cordis Corp. v. Boston Scientific Corp.*,
188 F. App'x 984 (Fed. Cir. 2006) .........................................................................................4

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
C.A. No. 12-15622, 2014 WL 562458 (E.D. Mich. Feb. 13, 2014) .......................................9

*eSpeed, Inc. v. Brokertec USA, L.L.C.*,
417 F. Supp. 2d 580 (D. Del. 2006) ...................................................................................4, 5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009) ............................................................................................10

*Guardant Health, Inc. v. Found. Med., Inc.*,
WL 2477522, at *5 (D. Del. Jan. 7, 2020) ............................................................................5

*Hebert v. Lisle Corp.*,
99 F.3d 1109 (Fed. Cir. 1996) ................................................................................................8

*Knauf Insulation, LLC v. Johns Manville Corp.*,
C.A. No. 15-111, 2020 WL 2840024 (S.D. Ind. Jun. 1, 2020) ..............................................5

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
311 F.3d 198 (3d Cir. 2002) ...................................................................................................9

*Nat'l Prods. Inc. v. Gamber-Johnson LLC*,
C.A. No. 20-1108, 2022 WL 2176335, at *4 (W.D. Wis. June 16, 2022) ............................2

*Purdue Pharma L.P. v. Endo Pharm. Inc.*,
    438 F.3d 1123 (Fed. Cir. 2006) ............................................................................................4

*Rohm & Haas Co. v. Crystal Chem. Co.*,
    722 F.2d 1556 (Fed. Cir. 1983) ..................................................................................... *passim*

*Semiconductor Energy Laboratory, Co., Ltd. v. Samsung Electronics Co. Ltd.*
    24 F. Supp. 2d 537 (E.D. Va. 1998) .....................................................................................4

*Telebrands Corp. v. IbyOne Prods. Inc.*,
    C.A. No. 17-997, 2018 WL 3696558 (D. Del. Aug. 3, 2018) ........................................6, 7, 8

*Therasense, Inc. v. Becton, Dickinson and Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) ............................................................................................3

*Twinstrand Biosciences, Inc. v. Guardant Health, Inc.*,
    C.A. No. 21-1126, 2023 WL 1860186 (D. Del. Feb. 9, 2023) ..............................................5

*Young v. Lumenis, Inc.*,
    492 F.3d 1336 (Fed. Cir. 2007) .........................................................................................3, 4

**Statutes**

35 U.S.C. § 251(c) ...........................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 9(b) ...............................................................................................................1, 6, 9

EAST\202512389.2

DraftKings, Inc.'s ("DK's") Opposition (D.I. 80) does nothing to rebut Colossus' showing that DK's inequitable conduct theories regarding U.S. Patent No. 8,602,884 (the "'884 patent") and all Asserted Patents fail.[1] Even assuming, *arguendo*, inequitable conduct occurred during the unasserted '884 patent's prosecution, Colossus explained why any alleged inequitable conduct does not infect the Asserted Patents. First, Betfair is immaterial to any Asserted Patents' issuance because DK admits it is *cumulative* of the cited Acres reference. Second, any purported claim broadening is not relevant to alleged inequitable conduct for continuation applications. Finally, the inventor *cured* any alleged inequitable conduct by citing the Betfair reference during the later-issued Asserted Patents' prosecutions. Tellingly, DK ignores each of these substantive points, any of which would nullify its inequitable conduct allegations.

In any event, DK still has not pled inequitable conduct because its materiality and scienter arguments are not pled with requisite Fed. R. Civ. P. 9(b) particularity. Colossus addresses each argument in turn below.

I. ARGUMENT

    A. Any Alleged Inequitable Conduct Does Not Affect the Asserted Patents

        1. DK Admits That Betfair Is Cumulative of the Acres Reference and Therefore Not Material

DK spends half its Opposition pounding the table about why the "Betfair exchange" is material prior art. D.I. 80 at 10-15. But this is a red herring because DK again admits that the Betfair prior art is cumulative of the Acres reference: "Either [Betfair or Acres] could have been used to invalidate the pending claims if Applicants had satisfied their duty of candor and alerted

---

[1] The "Asserted Patents" are U.S. Patent Nos. 9,117,341 (the "'341 patent"); 9,275,516 (the "'516 patent"); 9,424,716 (the "'716 patent"); 9,704,338 (the "'338 patent"); 10,970,969 (the "'969 patent"); 10,997,822 (the "'822 patent"); and 11,200,779 (the "'779 patent"). D.I. 75 at 2. All Asserted Patents beside the '341 patent—*i.e.* the ones that disclosed the Betfair reference—are called the "later-issued Asserted Patents."

the examiner to the fact that their dependent claims recaptured what is taught by these references." *Id.* at 10. DK's alleged Betfair-related inequitable conduct thus cannot affect *any* Asserted Patent because it *admits* Betfair is cumulative of Acres, which the inventor cited during all Asserted Patents' prosecutions. *See, e.g.*, *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 992 (Fed. Cir. 2022) (affirming no inequitable conduct when defendant did not argue that a cited reference was different from the uncited reference "such that it was not merely cumulative").

DK's only retort is that this Court should not decide these references are cumulative at this stage. D.I. 80 at 12 (citing *Nat'l Prods. Inc. v. Gamber-Johnson LLC*, C.A. No. 20-1108, 2022 WL 2176335, at *4 (W.D. Wis. June 16, 2022)). But *National Products* is inapposite because this Court need not delve into the references' merits—DK has *affirmatively pled* that Betfair is material because it discloses exactly what Acres discloses. *See, e.g.*, D.I. 80 at 10. DK neither pleads nor argues that Betfair adds material limitations that Acres does not. *See id.*; *see also Cal. Inst.*, 25 F.4th at 992. This Court must take DK's pleading—that the two references are interchangeable and thus cumulative—as true. Conversely, the Court should not accept DK's attorney argument that neither reference is cumulative of the other, particularly given that DK has had two pleading opportunities to articulate a material difference. *See, e.g.*, *Addiction and Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015); *see also* D.I. 80 at 12 n.17. For the foregoing reasons, the Court should reject DK's Betfair-based inequitable conduct claims.

      **2.**      **Purported Claim Broadening is Not Relevant to Alleged Inequitable Conduct for Continuing Applications**

In its Motion, Colossus presented Federal Circuit and additional case law explaining that claim broadening in continuation applications is permitted and is not inequitable conduct. D.I. 75 at 18. DK does not rebut this principle. D.I. 80 at 13-15. Rather, it argues inequitable

2

conduct can occur when broadening *reissue application* claims. *Id.* at 15. But reissue applications are different from the continuation applications at issue here. Reissue applications cannot "seek to enlarge the scope of the claims of the original patent," 35 U.S.C. § 251(c), whereas continuation applications are not so limited. *See Antares Pharma, Inc. v. Medac Pharma Inc.*, 771 F.3d 1254, 1358 (Fed. Cir. 2014) (discussing claim broadening permissions in continuation applications).

Of course, whether Colossus' claims were broadened vis-à-vis prior applications is an issue of claim construction—a *legal* issue having nothing to do with the factual underpinnings of inequitable conduct, *e.g.*, the intent to withhold an allegedly material reference from the U.S. Patent and Trademark Office ("PTO"). *See Young v. Lumenis, Inc.*, 492 F.3d 1336, 1349 (Fed. Cir. 2007) (reversing inequitable conduct finding because attorney argument during prosecution was insufficient to plead affirmative misstatement of *fact* for inequitable conduct). That DK asserts that inequitable conduct here essentially is contingent on claim construction epitomizes why the Federal Circuit has called this defense an "absolute plague" on patent litigation. *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011) (quotation omitted). The Court should dismiss with prejudice DK's inequitable conduct arguments concerning the later-issued Asserted Patents, which are premised on alleged claim broadening.

### 3. The Inventor Cured Any Alleged Inequitable Conduct by Disclosing the Betfair Reference

It is undisputed that Colossus' inventor disclosed the Betfair reference while prosecuting the later-issued Asserted Patents, curing any prior inequitable conduct. D.I. 80 at 19. Importantly, the standard here is lower considering this reference is cumulative of the pre-disclosed Acres reference. *See supra* Section I.A.1 (explaining Betfair is cumulative of Acres). In any event, DK's counterarguments are unavailing.

3

DK argues that Colossus must meet the three *Rohm & Haas Co. v. Crystal Chem. Co.* requirements to cure alleged inequitable conduct.  D.I. 80 at 19; *see also* 722 F.2d 1556, 1572 (Fed. Cir. 1983).  As Judge Jordan explained in *eSpeed*, cited by DK: "Where the alleged inequitable conduct is not an affirmative misrepresentation to the PTO of facts, but is instead the withholding of a material prior art reference, district courts are split on whether an applicant must follow all of the requirements of *Rohm & Haas*." *eSpeed, Inc. v. Brokertec USA, L.L.C.*, 417 F. Supp. 2d 580, 596 (D. Del. 2006).  The *eSpeed* Court chose to follow *Rohm & Haas* because the patent holder made *material misrepresentations* to the PTO after providing withheld materials.  *See id.* at 588-89, 597.  Importantly, the Court noted that the "'omission of information [is] . . . not as material as an affirmative misrepresentation.'" *Id.* at 593 (quoting *Purdue Pharma L.P. v. Endo Pharm. Inc.*, 438 F.3d 1123, 1133-34 (Fed. Cir. 2006)).  Contrarily, the alleged inequitable conduct here is the Betfair reference' alleged omission, and thus, the instant case is distinguishable from *Rohm & Haas* and demands a lower threshold of citation for cure.  *See, e.g.*, *Young*, 492 F.3d at 1349 (finding that the three-part *Rohm & Haas* cure elements need not be met for cure when a reference was omitted); *Cordis Corp. v. Boston Scientific Corp.*, 188 F. App'x 984, 989 (Fed. Cir. 2006) (remanding to determine whether inequitable conduct was cured by citing an allegedly withheld reference "along with sixty other references").

Importantly, the cases DK cites either concern material misrepresentations, not omissions alone, or are from districts that follow *Rohm & Haas* absolutely.  For example, *Rohm & Haas* addressed material misrepresentations in affidavits.  722 F.2d at 1571.  Likewise, *eSpeed* concerned a plaintiff not disclosing its own internally developed prior art system and its capabilities.  417 F. Supp. 2d at 588-89, 597.  And the District Court in *Semiconductor Energy Laboratory, Co., Ltd. v. Samsung Electronics Co. Ltd.* evaluated misrepresenting prior art by

4

submitting it untranslated.  24 F. Supp. 2d 537, 541 (E.D. Va. 1998); *see also eSpeed*, 417 F. Supp. 2d. at 596 (citing *Semiconductor Energy* as an example of a court that requires the *Rohm & Haas* test for an omitted reference).[2]

Regardless, in the instant case, the inventor did more than "simply disclose" the allegedly withheld prior art, *eSpeed*, 417 F. Supp. 2d at 596 (finding simple disclosure insufficient to cure *material misrepresentations*); he also submitted to the PTO his Australian Declaration, which addressed the foreign office's Betfair objections.  D.I. 75 at 3.  Tellingly, DK also ignores Colossus' cited case law squarely rejecting inequitable conduct arguments where, as here, an inventor affirmatively filed an information disclosure statement ("IDS") disclosing prior art. *See, e.g.*, *Twinstrand Biosciences, Inc. v. Guardant Health, Inc.*, C.A. No. 21-1126, 2023 WL 1860186, *6 (D. Del. Feb. 9, 2023); *Knauf Insulation, LLC v. Johns Manville Corp.*, C.A. No. 15-111, 2020 WL 2840024, at *3 (S.D. Ind. Jun. 1, 2020).  Because the as-pled facts reveal that DK's inequitable conduct theory would fail as a matter of law, it must be dismissed.

**B.     DK's Materiality Argument Lacks Requisite Particularity**

While the Court need not reach whether inequitable conduct occurred while prosecuting the unasserted '884 patent if it agrees with any of the above analyses, DK's inequitable conduct arguments would nonetheless fail upstream because DK has not pled that inequitable conduct occurred while prosecuting the '884 patent.  Perhaps appreciating that Betfair is cumulative of Acres, and that there can be no materiality vis-à-vis the later-issued Asserted Patents because of the inventor's cure, DK advances a but-for materiality argument concerning the unasserted '884 patent.  D.I. 80 at 5-6, 11.  But DK does not explain what Betfair discloses and how that reads on

---

[2] DK curiously also relies on *Guardant Health, Inc. v. Found. Med., Inc.*, a case where the plaintiff made "no assertion that it ha[d] met these 'curing' requirements." C.A. Nos. 17-1616, 17-1623, 2020 WL 2477522, at *5 (D. Del. Jan. 7, 2020) (Burke, J.).

5

the Asserted Patents' or the '884 patents' claims. Instead, DK makes sweeping allegations that Betfair discloses "full cash out" and an examiner would have considered this material. *See id.* at 11; D.I. 70 ¶ 287 ("an examiner would have considered the Betfair betting exchange but-for material to the patentability of at least claim 1 of the '884 [p]atent [because] . . . during examination of the application that became the '341 [p]atent, the USPTO rejected the original claims of the '341 [p]atent as anticipated by . . . Acres."). But DK's pleading does not connect the dots, failing explaining how "full cash out" (the only pled Betfair feature) might have prevented any claim's allowance. *See Telebrands Corp. v. IbyOne Prods. Inc.*, C.A. No. 17-997, 2018 WL 3696558, at *2-3 (D. Del. Aug. 3, 2018) (finding that the "what" of the material omission was not adequately pled by a pleading that did not meaningfully "identify the claims, and the limitations in those claims, relevant to the [prior art]"). DK has not adequately pled that Betfair is but-for material to patenting the unasserted '884 patent or any Asserted Patent under the Rule 9(b) standard.

### C. DK Does Not Plead Knowledge or Specific Intent for Inequitable Conduct

DK's only pled facts regarding scienter boil down to two paragraphs in the inventor's Australian Declaration and a clause in the '813 application, which became the '884 patent. D.I. 70 ¶ 281; D.I. 80 at 2-7. But these as-pled data points do not plausibly show that the inventor: (1) knew about a Betfair cash out feature before the '813 application's filing date—September 6, 2012; or (2) *intentionally withheld* this information from the PTO. DK makes unsupported leaps via attorney argument that cannot bridge its scienter gap.

#### 1. DK Fails to Plead Facts that Plausibly Support Pre-Filing Knowledge

First, DK mischaracterizes what the inventor declared he knew in the Australian Declaration. D.I. 80 at 4, 6, 16-18. The inventor declared that "[a]round 2001 [he] was introduced to betting exchanges, primarily the leading exchange Betfair, which had launched in

6

2000." D.I. 70-1 at 2 ¶ 2. He then addressed the deficiencies regarding a specific 2012 Betfair YouTube video the Australian examiner raised during prosecution. *See id.* at 8 ¶ 32. Even assuming Betfair had a cash out feature in 2001—the only pre-2012 date for which the Declaration accedes knowledge of Betfair—the Declaration fails to address **whether** or **when** the inventor knew about Betfair's alleged cash out functionality. DK does not assert otherwise, and the remaining Declaration paragraphs it cites do not address temporal knowledge. *See id.* at 2 ¶ 1, 3; *see also* D.I. 80 at 16.

DK simply does not plead anything that might connect the inventor's prior use of Betfair with any purported cash out functionality. DK takes too great a leap in arguing that the Declaration's reference to Betfair sufficiently infers knowledge of every facet of that system. Tellingly, *none* of DK's ten Betfair exhibits show that Betfair actually had a cash out feature in 2001. D.I. 70-1 at 30; D.I. 75 at 10-11; *see also* D.I. 70, Ex. B-L. While the Court is not tasked with deciding that this is true as a factual matter, DK has not pled anything that might establish otherwise.

Second, and further undercutting the plausibility of the assumption that Betfair had cash out functionality, DK references allegations that software offered by BetAngel enabled performance of a full cash out on an active ticket on the Betfair exchange. D.I. 80 at 2-3. But DK does not cite any pleaded facts showing the inventor knew of or used BetAngel. Thus, these allegations about BetAngel's capabilities cannot bridge the knowledge gap here. DK otherwise argues that Betfair's ability to sell active tickets equates to cash out, but its pleading does not describe or support how or why this might be so. *See id.* at 22; *see, e.g.*, D.I. 70 ¶¶ 279-80, 355-61. Again, this harkens of a claim construction argument, not facts that might plausibly evidence the inventor's knowledge of any cash out capability.

7

Finally, DK concedes that the '813 application references only a "Betfair type exchange" without any further description, *e.g.*, regarding any cash out. D.I. 80 at 4-5. As discussed below, *infra* Section I.C.2, DK only asserts that the inventor and his counsel (drafted and) intentionally removed "a more complete description" of Betfair from the '813 application, because referencing Betfair was "non-sensical" otherwise. *Id.* But DK pleads no facts about what this "more complete" knowledge was, or anything plausibly supporting this knowledge. This is pure speculation.[3]

In sum, DK's pleading does not substantiate Betfair's alleged "buy out" functionality, how it purportedly reads on any asserted claim limitation, or whether the inventor **knew** of such functionality. DK's pleading only cites generalized articles and the Australian Declaration to accuse the inventor—via assumptive and unsupported "information and belief" allegations—of withholding information. *Id.* at 7-8. This is not enough. D.I. 75 at 10-12.

### 2.     DK Fails to Plead Facts Supporting a Specific Intent to Withhold

DK's intentional withholding allegations are a litany of assumptive "information and belief" allegations disconnected from the pleadings DK relies on to support the knowledge of Betfair. D.I. 70 ¶¶ 281, 284, 287, 289, 294-96, 301-03, 362-66, 371-72, 382-86, 398-401, 414-16. Its failure to plead any "factual basis for a finding of deceptive intent" is fatal to its claims at the 12(b)(6) stage. *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996).

First, DK claims that the inventor and his counsel "with[e]ld[] their full knowledge of the [Betfair] prior art" through removing a deeper explanation of it in a '813 application draft in a scheme to mislead the PTO. D.I. 80 at 6. This allegation is not anchored to any supporting facts

---

[3] This argument also contradicts DK's pled facts. It ignores that in the Australian Declaration the inventor called Betfair "the leading exchange" at the turn of the century. D.I. 70-1 at 2 ¶ 2. At the same time, DK attached *ten* Betfair-related exhibits to its papers, indicating the depth of possible knowledge regarding this system. D.I. 70, Exs. B–L.

8

besides its "information and belief" allegations. *See id.* Even assuming this "full knowledge" equates to Betfair's alleged "buy out" functionality, DK's does not plead any substantiating facts regarding Betfair's alleged "buy out" functionality, for example, whether it was public-facing or available to bettors in 2001. Nor does it plead facts that might support what a more complete description of Betfair constituted, why counsel allegedly drafted it, and why or when it was purportedly removed from the '813 application. D.I. 80 at 4, 17. And critically, the lack of any such facts also condemns DK's attempt to plead intent to withhold—especially given that Acres was an admittedly cumulative reference. *See supra* Section I.A.1. DK must set forth more than this rank conjecture to plead specific intent under Rule 9(b). *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (stating Rule 9(b) requires pleading more than a "theoretically viable claim").

Second, while the pleading recites an accusatory laundry list of potential actors, D.I. 70 ¶ 273, DK's continual use of broad pronouns like "applicants" in discussing the complained-of withholding underscores that it has not pled (and cannot show) ***who*** apparently acted inequitably. *See Drew Techs., Inc. v. Robert Bosch, L.L.C.*, C.A. No. 12-15622, 2014 WL 562458, at *3 (E.D. Mich. Feb. 13, 2014) ("By alleging that 'Michael Drew, Brian Herron and/or their representatives' committed a particular act, Bosch has not alleged that any one of those individuals necessarily committed the particular act."). Even if the Court took DK's assumptive "information and belief" allegations as well-pled facts rather than threadbare recitals and legal conclusions,[4] it must take notice that the pleading nonetheless lacks any details that might

---

[4] While DK's pleading must be accepted as true, DK's "information and belief" allegations and legal conclusions are not well-pled facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); D.I. 75 at 11-12.

9

support that *the inventor*—the alleged source of knowledge regarding Betfair—had a specific intent to withhold any knowledge of any Betfair cash out functionality. D.I. 80 at 4-7. Further, given DK does not plead specific facts concerning the knowledge or intent of anyone in its laundry list of counsel, D.I. 70 ¶ 273, and it has not addressed them in Opposition, the Court should reject DK's theories about all prosecuting counsel. *Id.* ¶¶ 273, 323-49; D.I. 75 at 15 n.6.

At bottom, DK pleads nothing more than what it hopes to be true, not sufficient allegations with underlying facts from which the Court might reasonably infer that an individual withheld known information with the specific intent to deceive. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328-29 (Fed. Cir. 2009). DK's speculative allegations must be dismissed and stricken. *See Amer Sports Winter & Outdoor Co. v. Nordica U.S.A. Corp.*, C.A. No. 10-1534, 2010 WL 2635785, at *2 (N.D. Ill. June 28, 2010) (striking inequitable conduct allegation premised on what party hoped to find upon further investigation and discovery).[5]

## II. CONCLUSION

For the foregoing reasons, Colossus respectfully requests that the Court dismiss with prejudice DK's first Counterclaim (Count I) and strike with prejudice DK's Fifteenth Affirmative Defense.[6]

---

[5] DK's complaints about served discovery and subpoenas are irrelevant. As of this filing, Colossus has begun producing documents responsive to DK's requests for production of documents, while DK has not begun its productions. And any delay in inequitable conduct discovery is attributable, in part, to DK's unexcused *four-month delay* in filing its first answer, which asserted an inequitable conduct defense. *Compare* D.I. 56 (R&R affirmed 8/26/22) *with* D.I. 65 (filed 12/17/2022).

[6] DK has not addressed Colossus's argument why DK's inequitable conduct Counterclaim and Affirmative Defense should be dismissed and stricken with prejudice, waiving any objection. D.I. 75 at 19-20. Accordingly, should the Court agree with Colossus's submissions, DK should not be allowed to amend its inequitable conduct arguments.

Dated: April 11, 2023

| | |
|---|---|
| **OF COUNSEL:** | **DLA PIPER LLP (US)** |
| Michael L. Burns (*Pro Hac Vice*)<br>Steven M. Kellner (*Pro Hac Vice*)<br>Gregory Ferroni (*Pro Hac Vice*)<br>**DLA Piper LLP (US)**<br>One Liberty Place<br>1650 Market Street,<br>Philadelphia, PA 19103<br>Telephone: (215) 656-3385<br>Facsimile: (215) 606-3385<br>michael.burns@us.dlapiper.com<br>steven.kellner@us.dlapiper.com<br>gregory.ferroni@us.dlapiper.com | /s/ *Stephanie E. O'Byrne*<br>Brian A. Biggs (DE Bar No. 5591)<br>Stephanie E. O'Byrne (DE Bar No. 4446)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>brian.biggs@us.dlapiper.com<br>stephanie.obyrne@us.dlapiper.com<br><br>*Attorneys for Plaintiff Diogenes Limited and Colossus (IOM) Limited* |
| Joel Lin (*Pro Hac Vice*)<br>**DLA Piper LLP (US)**<br>1251 Avenue of the Americas<br>27th Floor<br>New York, NY 10020-1104<br>Telephone: (212) 335-4500<br>Facsimile: (212) 884-8557<br>joel.lin@us.dlapiper.com | |