

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware, 19801-1147
www.dlapiper.com

Stephanie E. O'Byrne
Stephanie.OByrne@us.dlapiper.com
T  302.468.5645
F  302.691.4745

June 5, 2023
V<small>IA</small> CMECF

Chambers of the Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28
Wilmington, DE 19801-3555

      Re:   *Diogenes Ltd., Colossus (IOM) Ltd. v. DraftKings, Inc.*,
             C.A. No. 21-1695-MN-CJB

Dear Judge Burke,

      We represent Plaintiffs Diogenes, Ltd. and Colossus (IOM) Ltd. (collectively "Plaintiffs" or Colossus") in the above-captioned matter. Ahead of the oral argument on Colossus's pending Motion to Dismiss (D.I. 74) scheduled before Your Honor this upcoming Tuesday, Colossus received DraftKings' submitted proposed slide deck presentation at 4 p.m. on Friday June 2, 2023. Colossus writes in advance of the hearing to alert Your Honor to Colossus' objection to slides 4 and 12-18, and more specifically, to request that the Court prohibit DraftKings' use of these slides in open Court, and that the Court disregard them.

      In short, slides 4, 12-18 in DraftKings' anticipated presentation contain irrelevant, prejudicial, Outside Attorneys' Eyes Only production documents that are outside the record. Consideration of these documents is improper on a Motion to Dismiss. *See* D.I. 98 at 1; *Am. Contractors Indem. Co. v. United States*, 570 F.3d 1373, 1376 (Fed. Cir. 2009) ("On a motion to dismiss, the court generally may not consider materials outside the pleadings.").

      None of these materials were docketed on DraftKings' motion to dismiss. Only two slides (14-15) contain documents presented (under seal) in DraftKings' motion papers in connection with its motion for leave to file a surreply brief. All of the additional documents (slides 4, 12-13, and 16-18) were omitted from that proposed surreply.

      Additionally, because these irrelevant documents are designed "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," their public presentation would further prejudice Colossus. The hearing should not be used as a vehicle to push irrelevant, non-briefed documents in to the public record without appropriate redactions or consultation. *See id.* ¶ 19 (requiring that "[a]ny party planning to disclose and/or rely upon DESIGNATED MATERIAL in any Court proceeding must provide notice to the producing Party and/or the Court prior to projecting or using such materials, to allow the producing Party an opportunity to request that the Court seal the courtroom and/or to seek other appropriate relief from the Court to prevent the public disclosure

ACTIVE\600141008.1



June 5, 2023
Page Two

of DESIGNATED MATERIAL.").[1]  On Friday, Colossus contacted DraftKings' counsel and asked that DraftKings withdraw the slides or provide its position over the weekend, and counsel subsequently asked for a call in advance of this filing, and DraftKings did not respond.

In sum, DraftKings's proposed slides are improper and would prejudice Colossus. Colossus asks that the Court instruct DraftKings that it may not use slides 4, 12-13, and 16-18, and that it may only use slides 14-15 if the Court grants its motion for leave to file its proposed surreply.

Colossus thanks Your Honor in advance for Your consideration of this issue.

Respectfully,

**DLA Piper LLP (US)**

*/s/ Stephanie E. O'Byrne*
Stephanie E. O'Byrne (DE Bar No. 4446)

---

[1] Indeed, DraftKings seemingly understands this potential violation considering it appropriately filed the documents in slides 14-15 under seal in connection with its surreply.  *See* D.I. 93-3.

ACTIVE\600141008.1