# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Rodger D. Smith II**
(302) 351-9205
rsmith@morrisnichols.com

June 5, 2023

The Honorable Christopher J. Burke                    *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

Re:   *Diogenes Limited, et al. v. DraftKings, Inc.*,
       C.A. No. 21-1695 (MN) (CJB) (D. Del.)

Dear Magistrate Judge Burke:

We represent DraftKings in the above-captioned matter. Colossus wrote to object to Your Honor's consideration of certain of the slides that DraftKings intends to present at the hearing tomorrow (June 6, 2023) concerning Colossus' pending Motion to Dismiss (D.I. 74). Colossus' objections should be overruled and DraftKings should be permitted to discuss these slides with Your Honor at the hearing.

Colossus lodges two objections in this regard: (1) as to whether those documents are already in the record and their relevance; and (2) as to confidentiality markings on the documents.

First, the documents cited in the slides Colossus complains about were only recently produced. They were produced *after* DraftKings filed its first amended answer (D.I. 70) on February 7, 2023, and *after* DrafttKings filed its opposition (D.I. 80) to Colossus' motion to dismiss (D.I. 74). D.I. 102 (DraftKings Reply in Support of Motion to file Sur-reply).[1] These particular documents, many of which were produced less than two weeks ago by Mr. Marantelli himself, show with crystal clarity that Mr. Marantelli was well aware that Betfair (and indeed another third party—William Hill) offered a cash out capability that predated his patent application. This is directly relevant to the instant motion because Colossus has argued that:

- "DK has not pled that the inventor or his counsel knew of Betfair's allegedly material 'buy-out' or 'cash out' functions[.]"  D.I. 75 at 10.

---

[1] All of the documents are now of record by virtue of the briefing on DraftKings' motion for leave to file a sur-reply.  D.I. 93 & D.I 102.

The Honorable Christopher J. Burke
June 5, 2023
Page 2

- "DK does not plausibly plead facts that fill any of these gaps or demonstrate knowledge of the allegedly material Betfair 'cash out' or 'buy-out' functionalities." D.I. 75 at 11.

- "DK has not pled any underlying facts that might show that the inventor either knew of Betfair's cash out function before September 6, 2012, or intentionally withheld this knowledge from the PTO with a specific intent to deceive." D.I. 75 at 12.

The documents that DraftKings' slides highlight show that, in fact, Mr. Marantelli *did know* about Betfair's "cash out" functionality well prior to his own invention, despite his lawyer's statements in this case.

Moreover, Colossus seeks to dismiss and strike DraftKings' inequitable conduct affirmative defense and counterclaims "*with prejudice*" on the grounds of "futility." D.I. 75 at 19-20. The additional documents that Colossus has just produced show that, were the Court to believe the current pleadings are not sufficient (which DraftKings believes they are), it would not be "futile" to permit amendment to plead additional facts.

Second, Colossus complains that these documents are designated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" and should not be displayed publicly in open court. DraftKings is willing to make its presentation using paper copies of its slides only and additionally consider any other protections that Colossus may request.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)

RDS/bac

cc:   All Counsel of Record (via electronic mail)