IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIOGENES LIMITED and | ) | |
| COLOSSUS (IOM) LIMITED, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1695 (MN) (CJB) |
| | ) | |
| DRAFTKINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington, this 2nd day of August 2023;

WHEREAS, on June 6, 2023, Magistrate Judge Burke held oral argument on Plaintiffs'
Motion to Dismiss Defendant DraftKings, Inc.'s Counterclaim and to Strike Related Affirmative
Defense (D.I. 74)[1] and then read his ruling from the Bench (*see* 6/6/2023 Minute Entry; *see also*
D.I. 110 (Transcript from the 6/62023 oral argument));

WHEREAS, on June 7, 2023, Judge Burke issued an Oral Report and Recommendation
memorializing his recommendation of granting-in-part and denying-in-part Plaintiffs' motion
(D.I. 104) ("the Report");

WHEREAS, on June 21, 2023, Plaintiffs filed a Partial Objection to the Magistrate Judge's
Report and Recommendation (D.I. 111) and on July 5, 2023, Defendant filed a response thereto
(D.I. 115);

---

[1]     Plaintiffs seek to dismiss Count I of Defendant's Counterclaims for Declaratory Judgment
of Unenforceability due to Inequitable Conduct and to strike Defendant's Fifteenth
Affirmative Defense of Unenforceability Due to Inequitable Conduct pursuant to Rules
12(b)(6) and 12(f).  (D.I. 74, 75).

WHEREAS, Plaintiffs object to the Report's recommendations that: (1) attorney argument before the U.S. Patent and Trademark Office can amount to inequitable conduct, (2) DraftKings met its Rule 9(b) pleading standard for its first inequitable conduct theory concerning the allegedly-withheld Betfair reference, and (3) DraftKings should be granted another chance to replead.

WHEREAS, with respect to Plaintiffs' first objection, although an attorney is free to argue vigorously in favor of patentability, there is no *per se* rule that statements that rise to the level of intentional misrepresentations of material fact made my counsel during patent prosecution cannot form the basis of an inequitable conduct claim that is able to survive a motion to dismiss;

WHEREAS, with respect to Plaintiffs' second objection, the Court agrees with the Report that whether any inequitable conduct was cured is a factual question unfit for resolving at the pleading stage;

WHEREAS, with respect to Plaintiffs' third objection, Judge Burke's recommendation that DraftKings be given leave "to make any additional attempt to amend its allegations of inequitable conduct" is appropriate and consistent with the Third Circuit's preference of deciding claims "on the merits. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

THEREFORE, the Court having reviewed the transcript of the Oral Argument and the Report (D.I. 104, 111), the partial objection (D.I. 111) and the response thereto (D.I. 115), and having considered *de novo* the objected-to portions of the Report, the relevant portions of the underlying motion and supporting documentation as well as the response and reply thereto (D.I. 74, 75, 80 & 82); and having also afforded reasoned consideration to any unobjected-to portions of the Report (*EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017)), IT IS HEREBY ORDERED that, the Report and Recommendation (D.I. 104) is ADOPTED.  Plaintiffs'

Motion to Dismiss Defendant DraftKings, Inc.'s Counterclaim and to Strike Related Affirmative Defense (D.I. 74) is GRANTED-IN-PART and DENIED-IN-PART as set forth in Judge Burke's ruling read into the record during the June 6, 2023 hearing (D.I. 110).

IT IS FURTHER ORDERED that Defendant is given leave to amend its inequitable conduct allegations within fourteen (14) days of the date of this Order.  Failure to do so will result in the inequitable conduct allegations proceeding against Mr. Marantelli and Mr. Taufer as set forth in Judge Burke's ruling.

_____
The Honorable Maryellen Noreika
United States District Judge