

DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801-1147

Brian Biggs
Brian.Biggs@dlapiper.com
T  302.468.5661
F  302.778.7813

The Honorable Christopher J. Burke
United States Magistrate Judge, United States District Court for the District of Delaware
844 North King Street, Wilmington, DE  19801

Re:    *Diogenes Ltd., et. al. v. DraftKings, Inc.*, C.A. No. 21-1695-MN-CBJ

Dear Judge Burke,

Pursuant to the Court's Order (D.I. 134), Plaintiffs met and conferred with Defendant regarding Plaintiffs' position that the issues raised in Defendant's July 28 letter (D.I. 133) are not ripe and hereby submit this joint letter.  The parties were not able to reach agreement on whether all the pending issues are ripe.

**Plaintiffs' Position**

Defendant seeks to compel Plaintiffs to (1) supplement Plaintiffs' interrogatory response relating to patentable subject matter by a certain date; and (2) to require Plaintiffs to narrow its asserted patent claims prior to the current April 3, 2024 deadline for the second election of asserted claims (D.I. 25).  Defendant's requests are premature for several reasons.

Plaintiffs had previously agreed to supplement its interrogatory response regarding patentable subject matter, but wished to wait to provide the supplement until after an IPR institution decision regarding one of the asserted patents, which is due August 15, 2023.  However, to resolve the dispute, Plaintiffs hereby commit to providing a supplement addressing Defendant's concerns by August 23, 2023.  That Defendant concedes Plaintiffs' offer to supplement resolves the dispute only underscores that Defendant failed to meaningfully meet and confer and its motion is not ripe.  Thus, a Court order regarding a supplement, without briefing, is unnecessary, but Plaintiffs do not object to an order memorializing Plaintiffs' offer to supplement.

Regarding the second issue relating to narrowing the scope of asserted claims, while the Court's Scheduling Order does not mandate a further narrowing of the asserted claims until April 2024 (D.I. 25), Plaintiffs are not per se opposed to a further narrowing of asserted claims prior to April 2024, and Plaintiffs have agreed to discuss the issue further after the IPR institution decision expected by August 15, 2023.  Once that decision is issued, Plaintiffs intend to determine, in good faith, whether its case can be narrowed prior to April 2024 and will hold a further meet and confer with Defendant at that time.  Therefore, Defendant's request to force an otherwise unrequired narrowing of this case is not only contrary to the Scheduling Order, but also is unripe for the Court's consideration until after the final IPR institution decision.  Defendant's rush is especially unexpected given the parties recently stipulated, at Defendant's request, for a two-month extension of fact discovery.  D.I. 132.

**Defendant's Position**

The issue of whether Colossus should be compelled by a date certain to supplement its response to DraftKings' Interrogatory No. 1 related to 35 U.S.C. § 101 is ripe. It was ripe last August when the Court gave the parties guidance on narrowing the case based on its decision that all of the Asserted Claims of one Asserted Patent are unpatentable under § 101. D.I. 46 at 11, *adopted* D.I. 55. It was ripe in May when, to force Colossus' cooperation in narrowing the case, DraftKings served a 230+ page supplement to its invalidity contentions that explains on a ***limitation-by-limitation*** basis why ***every*** limitation of all 72 of the remaining Asserted Claims fails to transform each claim from an abstract idea into patentable subject matter. And it is ripe today, as Colossus still has not provided a meaningful response to DraftKings' Interrogatory No. 1.

Colossus recently-served Section 101 contentions are a mere eight pages and do little more than cryptically list limitations like "issuing credits or currency," "notifying players that they have won," "issuing electronic tickets," and unidentified "others" with zero explanation of how or why they might transform a particular claim into patentable subject matter. Colossus does not even provide its contentions on a claim-by-claim basis, much less a limitation-by-limitation basis. Colossus' refusal to provide meaningful Section 101 contentions is nothing more than a transparent attempt to delay DraftKings' ability to file a renewed Section 101 motion by keeping so many Asserted Claims at issue that such a motion is impracticable. Indeed, any meaningful response to DraftKings' Interrogatory No. 1 would necessarily result in the withdrawal of claims because Colossus cannot colorably argue that all 72 remaining Asserted Claims include transformative limitations under Section 101, particularly when it intends to rely on trivial limitations like "issuing credits or currency," "notifying players that they have won," and "issuing electronic tickets."

To be clear, DraftKings does not seek to force a premature narrowing of this case contrary to the Scheduling Order, as Colossus contends. DraftKings seeks a fulsome response to its interrogatory, which will necessarily result in the identification of claims that should be withdrawn—specifically, claims that do not include the limitations, or combinations of limitations, that Colossus alleges are transformative under Section 101. This is consistent with the guidance for narrowing the case provided by the Court in August 2022 (*see* D.I. 46 at 11), as well as with the interests of judicial economy and the conservation of the parties' and the Court's resources.

While DraftKings appreciates Colossus' commitment to supplement its response to DraftKings Interrogatory No. 1 by a date certain (for the first time above) and its offer to meet and confer about dropping claims after an IPR institution decision issues as to the last Asserted Patent, neither of these addresses the ripeness of the issue that exists today. Colossus should have provided the requested supplement months ago, which would have inevitably resulted in the withdrawal of claims. DraftKings has been and continues to be prejudiced by Colossus delay, particularly in its inability to move towards the filing of a renewed Section 101 motion concerning the remaining Asserted Claims.

DraftKings' acceptance of Colossus' offer to provide a supplement by August 23, 2023, does not resolve the issue, as it leaves open the possibility for further delay by Colossus. DraftKings therefore respectfully requests that the Court enter an Order requiring Colossus to provide a fulsome supplementation by August 23, 2023.

Respectfully submitted,

**DLA Piper LLP (US)**

Brian A. Biggs (DE Bar No. 5591)